IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:10cr97DPJ-LRA

RENE COLEMAN

## AGREED PRELIMINARY ORDER OF FORFEITURE

PURSUANT to this agreement between **RENE COLEMAN**, by and with the consent of her attorney, and the **UNITED STATES OF AMERICA** (hereinafter "the Government"), **RENE COLEMAN** agrees that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The defendant is fully aware of the consequences of having agreed to forfeit to the Government her interests in and to the hereinafter described property, having been apprised of such by her attorney and by this Court; and she has freely and voluntarily, with knowledge of the consequences, entered into this agreement with the Government to forfeit such property.

2. The defendant agrees that the **$2,100.00 in U.S. Currency**, constitutes or was derived from proceeds that the defendant obtained, directly or indirectly, as a result of the offense charged in Count 1 of the Indictment. Such property is, therefore, subject to forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(C) and Title 28 U.S.C. § 2461.

3. The defendant has been apprised that Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982 require the Court to order the forfeiture of the **$2,100.00 in U.S. Currency**, at, and as a part of, the sentencing proceeding. The defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the

document entitled, "Judgment in a Criminal Case." The defendant and her attorney further authorize the Court to enter this order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court whether ordered at that proceeding or not and whether or not attached as a part of the said Judgment in a Criminal Case.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. That the defendant shall forfeit to the United States,

**$2,100.00 in U.S. Currency**

b. The Court has determined, based on the defendant's plea, that the following property is subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 28 U.S.C. § 2461, that the defendant had an interest in such property[1] and that the Government has established the requisite nexus between such property and such offenses:

**$2,100.00 in U.S. Currency**

c. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property. Rule 32.2(c)(1).

d. Any person, other than the above named defendant, asserting a legal interest in the

---

[1] Fed. R. Crim. P. 32.2(b) provides that the court must defer determining whether or not the defendant has an interest in the forfeited party until the ancillary proceeding when third parties are entitled to contest the forfeiture on the ground that the property belongs to them, and not to the defendant. However, if no third party files a claim, the court must make a determination that the defendant (or some combination of defendants) has an interest in the property before the preliminary order of forfeiture becomes final. *See* Rule 32.2(c)(2). In some situations, it may be advisable to foreclose the separate determination of interest under Rule 32.2 by having the court make that determination "up front" upon entering the preliminary order of forfeiture. In other situations, *e.g.,* where the defendant is planning to object to the order of forfeiture on the ground that the property belongs to a third party, it may be better to take advantage of Rule 32.2(b) and postpone the determination of interest until the ancillary proceeding.

    subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

e.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this preliminary order of forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

f.    Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

g.    After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

h.    The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), 31 U.S.C. § 5317(c) and 5332, and 28 U.S.C. § 2461(c) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 27 day of APRIL 2011.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
PATRICK LEMON
Assistant United States Attorney

_____
RENE COLEMAN
Defendant

_____
JOSEPH M. HOLLOMON
Attorney for Defendant